IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHANNA BETH VAN ABKOUDE,                    3:11-CV-00503-BR

          Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

          Defendant.


**RICHARD A. SLY**
290 S.W. Oak St, Suite 102
Portland, OR 97204
(503) 224-0436

**LINDA ZISKIN**
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

          Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/221A
Seattle, WA  98104-7075
(206) 615-2531

        Attorneys for Defendant


**BROWN**, **Judge.**

        This matter comes before the Court on the Motion (#32) to
Remand of the Commissioner of Social Security.  For the reasons
stated on the record during oral argument heard on September 14,
2012, and set out below, the Court **DENIES** Defendant's Motion**.**
The Court, in a separate opinion, will resolve on the merits
Plaintiff's request for judicial review of the 2009 denial of her
2007 claim for Disability Insurance Benefits (DIB).


                        <u>**BACKGROUND**</u>

**I.**   <u>**Plaintiff's 2002 DIB Application/Overpayment of Benefits**</u>.

        The following is taken from the Declaration of Robert
Weigel, Chief of the Court Case Review Branch of the Office of
Appellate Operations, Office of Disability Adjudication and
Review, Social Security Administration, and from Defendant's
Memorandum in Support of his Motion to Remand.

        On April 15, 2002, Plaintiff first applied for DIB under

Title II of the Social Security Act, 42 U.S.C. §§ 401-434,
alleging she had been disabled since July 1998.

On March 6, 2004, Defendant approved Plaintiff's claim and
awarded DIB to Plaintiff based on a disability onset date of
July 24, 1999.  From April 2001 to March 2004, Plaintiff received
DIB payments in the amount of $23,467.70.

On May 12, 2004, however, Defendant advised Plaintiff that
she had failed to submit proof of prior earnings to the Social
Security Administration (SSA) so that Defendant could determine
whether Plaintiff had engaged in substantial gainful activity
sufficient to disqualify her from receiving DIB, and, therefore,
whether her DIB claim had been approved in error.  As a result,
Defendant requested Plaintiff to repay all DIB payments she had
received from SSA to date.

At that time Plaintiff also was advised she had a right to
appeal the repayment requirement and/or request a waiver of the
repayment.  Plaintiff, however, was not advised of her right to
appeal the redetermination by Defendant that she did not qualify
for DIB under Title II.

On July 24, 2004, Plaintiff submitted self-employment tax
returns to SSA and requested waiver of repayment.  The SSA
acknowledged Plaintiff's tax returns, but it did not acknowledge
her request for a waiver of repayment.

In addition, although the SSA considered Plaintiff's

3 - OPINION AND ORDER

submission of tax returns and her request for a waiver of repayment to constitute a timely appeal of the denial of her DIB claim on reconsideration, the SSA did not advise Plaintiff whether it had reconsidered Defendant's 2004 decision that Plaintiff was not entitled to DIB.

Thus, Defendant asserts eight years later that he still must decide (1) whether Plaintiff is entitled to additional wage credits in determining her entitlement to DIB based on her tax returns and (2) the "exact overpayment and/or offset of underpayment" of the DIB benefits.

## II.  Plaintiff's 2007 DIB Claim and 2007 SSI Claim.

On January 23, 2007, Plaintiff filed new applications for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-83f, alleging she was disabled as a result of a curvature of the spine and affective/mood disorders.  Plaintiff's 2007 DIB claim is identical to an earlier 2002 claim for DIB in which Plaintiff asserted she had been disabled since July 1998.

For purposes of this Court's review, the parties agree Defendant has made a final decision of his denial of Plaintiff's 2007 DIB claim and that Plaintiff's 2007 DIB claim incorporates Plaintiff's original 2002 DIB claim.  The parties also agree that Defendant has not issued a final decision on Plaintiff's 2007 SSI

4 - OPINION AND ORDER

claim, and, therefore, Plaintiff's SSI claim is not subject to judicial review.

## ISSUES

In his Motion to Remand, Defendant raises the following issues:  (1) the scope of the Court's subject-matter jurisdiction in this matter, (2) the nature of the relief that should be afforded to Plaintiff in light of the indisputable evidence that the prior proceedings in this matter have been deeply flawed on many levels, and (3) whether Plaintiff remains liable for any overpayment arising from her 2002 DIB claim.

## STANDARDS

**I.   Subject-Matter Jurisdiction.**

A district court has jurisdiction to review only final decisions of the Commissioner under 42 U.S.C. 405(g).  *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008).  "A 'final decision' generally requires a claimant to exhaust all administrative remedies."  42 U.S.C. 405(h). *See also Johnson v. Shalala,* 2 F.3d 918, 921 (9th Cir. 1993).  "Exhaustion of administrative remedies requires *de novo* reconsideration of the initial disability ruling, a subsequent hearing before an administrative law judge ("ALJ"), and a review of the ALJ's decision by the Appeals Council."  *Spychala v. Sec'y, Dep't of Health and Human Serv.,*

872 F.2d 430 (9th Cir. 1989)(citing *Bowen v. City of New York,*
476 U.S. 467, 471-72 (1986)).

**II.    Remand.**

The decision whether to remand a final decision of the
Commissioner for further proceedings is within the court's
discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir.
2000).  "[T]hat decision depends on the likely utility of such
proceedings."  *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.
2004).  "The proper course, *except in rare circumstances*, is
to remand to the agency for additional investigation or
explanation."  *Moisa v. Barnhart* 367 F3d 882, 886-87 (9th Cir.
2008)(emphasis added).

The Court, however, should remand for the immediate payment
of benefits if "there are no outstanding issues that must be
resolved before a determination of disability can be made, and
it is clear from the record that the ALJ is required to find the
claimant disabled."  *Harman v. Apfel,* 211 F.3d 1172, 1177-78
(9th Cir. 2000).

### THE COMMISSIONER'S DECISIONS

**I.    Plaintiff's Claims.**

A.    2002 and 2007 DIB Claims.

Defendant does not dispute the Court has subject-matter
jurisdiction to review his 2009 final decision in which he denied

Plaintiff's 2007 DIB claim and Plaintiff's 2002 DIB claim that was incorporated into her 2007 DIB claim.

B.   Overpayment of 2002 DIB Claim.

Plaintiff seeks judicial review of the Defendant's decision to seek to recover purported overpayments made to Plaintiff on her 2002 DIB claim.

Defendant, however, has yet to determine the extent of such overpayments and whether they should be offset in whole or in part by underpayments to Plaintiff arising from the same claim. The Court, therefore, concludes this issue is not subject to review at this time.

C.   2007 SSI Claim.

Plaintiff also seeks judicial review of the denial of her 2007 claim for SSI benefits. Plaintiff, however, conceded during oral argument, and the Court agrees, the record on her SSI claim has not been perfected for judicial review in that there has not been a final decision as to that claim. Accordingly, the Court lacks jurisdiction to consider Plaintiff's claim for SSI benefits at this time.[1]

II.   **Analysis.**

Notwithstanding the disgraceful record in this case, the

---

[1] In the interest of expediting any judicial review of new proceedings commenced by this Plaintiff, the Court directs the Clerk of Court to ensure the assignment of any such new case to this Judicial Officer.

7 – OPINION AND ORDER

multiple errors in handling Plaintiff's claims, and the repeated
procedural bunglings that have inordinately delayed any final
resolution of the Plaintiff's claims dating back ten years,
Defendant argues this Court should not adjudicate the appeal
over which it has jurisdiction.  Instead Defendant argues
the Court should remand the entire matter to the ALJ to sort
out what can, in charity, only be described as an extraordinary
mess.

        The Court appreciates the statements of Defendant's counsel
that Defendant should give the highest priority to resolution of
the issues over which the Court does not have jurisdiction.  In
fact, the Court acknowledges the Motion to Remand may be, if
belatedly, Defendant's way of trying to resolve all of Plaintiff'
claims.  Nevertheless, in light of the record in this case, the
Court declines to remand the issues over which it has
jurisdiction and will resolve Plaintiff's Complaint for Judicial
Review on the merits.


                            **CONCLUSION**

        For these reasons, the Court concludes it does not, at
this time, have jurisdiction to review Plaintiff's 2007 claim
for SSI benefits or to address the matter of overpayments on
her 2002 DIB claim.  The Court, however, concludes it has
jurisdiction to review the final decision of the Commissioner

8  - OPINION AND ORDER

denying Plaintiff's 2007 DIB claim (which includes Plaintiff's

2002 DIB claim).  Accordingly, the Court **DENIES** Defendant's

Motion (#32) to Remand as to that issue.

IT IS SO ORDERED.

DATED this 21st day of September, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge